# EXHIBIT 1

ADRMOP

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:15-cv-01012-JST

Conte, et al v. Lumber Liquidators, Inc., et al
Assigned to: Hon. Jon S. Tigar
Cause: 28:1332 Diversity-Fraud

Date Filed: 03/04/2015
Jury Demand: Plaintiff
Nature of Suit: 370 Fraud or Truth-In-Lending
Jurisdiction: Diversity

**Plaintiff**

**Shelly Conte**
*on behalf of herself and all others*
*smilarly situated and the general public*

represented by **Ronald A Marron**
Law Offices of Ronald A. Marron, APLC
651 Arroyo Drive
San Diego, CA 92103
619-696-9006
Fax: (619) 564-6665
Email: ron@consumersadvocates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Beatrice Skye Resendes**
Law Offices of Ronald A. Marron, APLC
651 Arroyo Drive
San Diego, CA 92103
619-696-9006
Fax: 619-564-6665
Email: skye@consumersadvocates.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Reyes**
*on behalf of himself and all others*
*smilarly situated and the general public*

represented by **Ronald A Marron**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Beatrice Skye Resendes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Tacktill**
*on behalf of himself and all others*
*smilarly situated and the general public*

represented by **Ronald A Marron**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Beatrice Skye Resendes**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lumber Liquidators, Inc.**
*a Delaware Corporation*

**Defendant**

**Lumber Liquidators Holdings, Inc.**
*a Delaware Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2015 | 1 | CLASS ACTION COMPLAINT for Violations of California Competition Law; Demand for Jury Trial against Lumber Liquidators, Inc., (Filing Fee: $400.00, receipt number 0971-9333403). Filed by Shelly Conte, Mark Reyes, Daniel Tacktill. (Attachments: #(1) Civil Cover Sheet)(Marron, Ronald) (Filed on 3/4/2015) Modified on 3/5/2015 (gbaS, COURT STAFF). (Entered: 03/04/2015) |
| 03/04/2015 | 2 | **ERRONEOUS ENTRY incomplete, counsel notified** Proposed Summons. (Marron, Ronald) (Filed on 3/4/2015) Modified on 3/5/2015 (gbaS, COURT STAFF). (Entered: 03/04/2015) |
| 03/04/2015 | 3 | Case assigned to Magistrate Judge Joseph C. Spero.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. (cjlS, COURT STAFF) (Filed on 3/4/2015) (Entered: 03/04/2015) |
| 03/05/2015 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Shelly Conte.. (Marron, Ronald) (Filed on 3/5/2015) (Entered: 03/05/2015) |
| 03/05/2015 | 5 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 5/29/2015. Case Management Conference set for 6/5/2015 02:00 PM in Courtroom G, 15th Floor, San Francisco. (Attachments: # 1 Standing Order) (gbaS, COURT STAFF) (Filed on 3/5/2015) (Entered: 03/05/2015)** |

| 03/05/2015 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klhS, COURT STAFF) (Filed on 3/5/2015) (Entered: 03/05/2015) |
|---|---|---|
| 03/05/2015 | 7 | Proposed Summons. (Marron, Ronald) (Filed on 3/5/2015) (Entered: 03/05/2015) |
| 03/06/2015 | 8 | **ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jon S. Tigar for all further proceedings. Magistrate Judge Joseph C. Spero no longer assigned to the case.. Signed by Executive Committee on 3/6/15. (as, COURT STAFF) (Filed on 3/6/2015) (Entered: 03/06/2015)** |
| 03/06/2015 | 9 | CLERK'S NOTICE SETTING CASE MANAGEMENT CONFERENCE. Case Management Statement due by 6/3/2015. Initial Case Management Conference set for 6/17/2015 at 2:00 PM in Courtroom 9, 19th Floor, San Francisco. (Attachments: # 1 Standing Order, # 2 Standing order for All Judges of the Northern District) (wsn, COURT STAFF) (Filed on 3/6/2015) (Entered: 03/06/2015) |
| 03/06/2015 | 10 | Summons Issued as to Defendant Lumber Liquidators, Inc.. (tnS) (Filed on 3/6/2015) (Entered: 03/06/2015) |
| 03/06/2015 | 11 | Proposed Summons. (Marron, Ronald) (Filed on 3/6/2015) (Entered: 03/06/2015) |
| 03/06/2015 | 12 | Summons Issued as to Defendant Lumber Liquidators Holdings, Inc.. (tnS) (Filed on 3/6/2015) (Entered: 03/06/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/06/2015 17:03:18 | | | |
| **PACER Login:** | ramarron:2902451:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:15-cv-01012-JST |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

1

2

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)

3
*ron@consumersadvocates.com*
SKYE RESENDES (278511)

4
*skye@consumersadvocates.com*

5
651 Arroyo Drive

6
San Diego, CA 92103
Phone: (619) 696-9006

7
Fax: (619) 564-6665

8

9
*Counsel for Plaintiffs and the Proposed Class*

10
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

11

12
SHELLY CONTE, MARK REYES, DANIEL TACKTILL, on behalf of themselves, all others similarly situated and the general public,

13

14

15
                Plaintiffs,

16
        v.

17

18
LUMBER LIQUIDATORS, INC., a Delaware Corporation; LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation,

19

20

21
               Defendants.

22

Case No:

CLASS ACTION

**COMPLAINT FOR VIOLATIONS OF:**

- **CALIFORNIA UNFAIR COMPETITION LAW;**
- **CALIFORNIA FALSE ADVERTISING LAW;**
- **CALIFORNIA CONSUMERS LEGAL REMEDIES ACT;**
- **NEW YORK G.B.L. § 349;**
- **NEW YORK G.B.L. § 350.**
- **CONSUMER FRAUD LAWS OF THE VARIOUS STATES.**

DEMAND FOR JURY TRIAL

23

24

25

26

27

28

Plaintiffs Shelly, Conte, Mark Reyes, and Daniel Tacktill, on behalf of themselves, all others similarly situated, and the general public, by and through their undersigned counsel, hereby sue Defendants Lumber Liquidators, Inc. and Lumber Liquidators Holdings, Inc. ("Defendants" or "Lumber Liquidators"), and alleges the following upon their own knowledge, or where they lack personal knowledge, upon information and belief and the investigation of their counsel.

## INTRODUCTION

1.    Lumber Liquidators sells laminate and hardwood flooring products to consumers across the country. Lumber Liquidators has "grown steadily" over the past twenty years and now has "hundreds of locations in the US and Canada and continues to expand throughout North America."[1] Lumber Liquidators takes pride in the fact that it has "one of the largest inventories of prefinished and unfinished hardwood floors in the industry."[2]

2.    Part of Lumber Liquidators success is that is it negotiates directly with its flooring manufacturers and "eliminates the middleman."[3] However, Lumber Liquidators relies on China-based manufacturers to produce its flooring products. According to a December 31, 2014 Securities and Exchange Commission Filing, in 2011 Lumber Liquidators established a representative office in Shanghai, China to control its product sourcing in Asia. The company admits that its "experience with the legal and regulatory practices and requirements in China is limited in scope and duration."[4] Nonetheless, Lumber Liquidators continues to profit handsomely by selling a wide assortment of flooring products that are manufactured cheaply in China.

---

[1] *About Us*, Lumber Liquidators, http://www.lumberliquidators.com/ll/flooring/about-us?WT.ad=GLOBAL_FOOTER_AboutUs (last visited March 4, 2015).
[2] *Id.*
[3] *Id.*
[4] Lumber Liquidators Holdings Inc.'s Form 10-k (Dec. 21, 2014), *available at* https://www.sec.gov/Archives/edgar/data/1396033/000114420415011792/v400728_10k.htm (last visited March 4, 2015).

3.     Chinese-made flooring products have come under scrutiny in recent years. According to the Hardwood Plywood and Veneer Association ("HPVA"), Chinese-made flooring sold in North America is known to have high than expected levels of formaldehyde emissions.[5] The HPVA began testing the Chinese-made flooring and found that "the levels of formaldehyde were so high… some were two to three times over the line."[6] Indeed, China is now the largest manufacturer of formaldehyde products and "more than 65% of the Chinese formaldehyde output is used to produce resins mainly found in wood products."[7]

4.     Perhaps as an effort to offset safety concerns regarding its Chinese-made flooring products, Lumber Liquidators uniformly claims that all of its hardwood and laminate flooring products are compliant with the California Air Resources Board's ("CARB") standards for safe formaldehyde emissions. On its website, Lumber Liquidators states: "commitment to quality and safety extends to everywhere we do business. We require that all of our suppliers comply with California's advanced environmental requirements, even for products sold outside California."[8] As described herein, the packaging for all Lumber Liquidators' Chinese-made flooring products claim that the products are compliant with California CARB formaldehyde standards.

5.     Despite assurances that its flooring products are safe and comply with California formaldehyde regulations, several reports have shown that Lumber Liquidators Chinese-made flooring products actually contain potentially dangerous levels of

---

[5] Gil Shochat, *High Levels of formaldehyde found in Chinese-made floors sold in North America*, GLOBAL NEWS (Oct. 3, 2014), *available at* http://globalnews.ca/news/1594273/high-levels-of-formaldehyde-found-in-chinese-made-floors-sold-in-north-america/ (last visited March 4, 2015).
[6] *Id.*
[7] Xiaojiung Tang et al., *Formaldehyde in China: Production, consumption, exposure levels, and health effects*, ENVIRONMENTAL INTERNATIONAL VOLUME 36, ISSUE 3 (April 2010), *available at* http://ac.els-cdn.com/S0160412009002402/1-s2.0-S0160412009002402-main.pdf?_tid=dd4df5ba-c1ea-11e4-9b60-00000aab0f6b&acdnat=1425417700_25414e62d2ab566a9dd77bde3169e4cc (last visited March 4, 2015).

CLASS ACTION COMPLAINT

formaldehyde. On March 1, 2015, 60 Minutes news aired a story dispelling Lumber Liquidators' claims that its flooring products are compliant with California formaldehyde standards. The news story was prompted by an investigation that was conducted by two environmental advocacy groups. The environmental groups purchased more than 150 boxes of lumber liquidators laminate flooring at stores around California and sent the boxes to three certified labs for a series of tests. The results showed that "every single sample of Chinese-made laminate flooring from Lumber Liquidators failed to meet California formaldehyde emissions standards. Many by a large margin."[9]

6.  The results of that investigation prompted 60 Minutes news to conduct its own independent investigation into Lumber Liquidators Chinese-made Flooring. The 60 Minutes news team went to stores in Virginia, Florida, Texas, and New York and purchased 31 boxes of Lumber Liquidators Chinese-made flooring. 60 Minutes sent the sample for testing at two certified labs. "It turns out of the 31 samples of Chinese-made laminate flooring, only one was compliant with formaldehyde emissions standards. Some were more than 13x over the California limit." Both of the labs told 60 Minutes that they had never seen formaldehyde levels that high.[10]

7.  60 Minutes then sent undercover investigators with hidden cameras to the city of Changzhou, China. The investigators posed as buyers and visited three different mills that manufacture laminates and flooring on behalf of Lumber Liquidators. The results of the undercover investigation were shocking:

> Employees at the mills **openly admitted** that they used core boards with higher levels of formaldehyde to make Lumber Liquidators laminates, saving the company 10-15 percent on the price. At all three mills they also admitted falsely labeling the company's laminate flooring as CARB" compliant. (emphasis added).[11]

---

[9] *Lumber Liquidators Linked to Health and Safety Violations*, 60 MINUTES (Mar. 1, 2015), *available at* http://www.cbsnews.com/news/lumber-liquidators-linked-to-health-and-safety-violations/ (last visited March 4, 2015).
[10] *Id.*
[11] *Id.*

CLASS ACTION COMPLAINT

8.     Plaintiffs are purchasers of Lumber Liquidators' Chinese-made flooring products. Plaintiffs, on behalf of themselves and all others similarly situated, hereby seek equitable relief and damages from Defendants based on their false, misleading, deceptive, and illegal advertising practices regarding Chinese-made flooring products pursuant to the California Unfair Competition Law, the California False Advertising Law, the California Consumers Legal Remedies Act, and New York General Business Laws §§ 349-350.

## JURISDICTION & VENUE

9.     The Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the class reside in states other than the state in which Defendants reside.

10.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff Reyes is a resident of California, Plaintiff Conte is a resident of California, Plaintiff Tacktill is a resident of New York and Defendants are Delaware Corporations that maintain their principal place of business in Virginia. The amount in controversy in this action exceeds the sum or value of $75,000.

11.     Personal jurisdiction is derived from the fact that Defendants conduct business within the State of California and within this judicial district.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District. Moreover, Defendants reside in this district, are authorized to conduct business in this District, have intentionally availed themselves of the laws and markets of this District through the promotion, marketing, distribution, and sale of the Products in this District; and are subject to personal jurisdiction in this District.

## PARTIES

13.     Plaintiff Mark Reyes is a resident of Fairfield, California. Plaintiff Reyes purchased a Lumber Liquidators "Kingsington Manor 12mm Tanzanian Wenge" laminate

CLASS ACTION COMPLAINT

floor from a Lumber Liquidators store in Fairfield, California in or around September of 2014. Plaintiff Reyes paid approximately $7,000 for his purchase.

14. Plaintiff Shelly Conte is a resident of Fresno, California. Plaintiff Conte purchased a Lumber Liquidators "Dream Home Sandy Hills Hickory 12mm" laminate floor from a Lumber Liquidators store in or around May of 2014.  Plaintiff Conte paid approximately $500 for her Lumber Liquidators purchase.

15. Plaintiff  Daniel Tacktill is a resident of Long Island, New York. Plaintiff Tacktill purchased various Lumber Liquidators flooring products including the  "St. John Chimney Rock- Charcoal" laminate flooring from a Lumber Liquidators store in Islandia, New York on or around May of 2014. Plaintiff paid approximately $2,000 for his Lumber Liquidators purchases.

16. Defendant LUMBER LIQUIDATORS, INC. is a Delaware corporation with its principal place of business located at 3000 John Deere Road, Toano, Virginia.

17. Defendant LUMBER LIQUIDATORS HOLDINGS, INC. is a Delaware corporation with its principal place of business located at 3000 John Deere Road, Toano, Virginia.

## FACTUAL ALLEGATIONS

### Formaldehyde  in Wood Flooring

18. Formaldehyde is a colorless, and strong smelling gas. According to the Occupational Safety and Health Administration ("OSHA"), formaldehyde is "commonly used a preservative in medical laboratories and mortuaries, formaldehyde is also found in many products such as chemicals particle board, household products, glues, permanent press fabrics, paper product coatings, fiberboard, and plywood." At high exposure levels, "formaldehyde is a sensitizing agent that can cause and immune system response upon initial exposure. It is also a cancer hazard."[12] Formaldehyde  exposure can be irritating to

---

[12] https://www.osha.gov/OshDoc/data_General_Facts/formaldehyde-factsheet.pdf (last visited March 4, 2015).

the eyes, nose, and throat and severe allergic reactions may occur in the skin, eyes, and respiratory tract.[13]

19.    When wood flooring is manufactured, layers of wood particles are "pressed together and sealed with adhesives containing urea formaldehyde resin" ("UFR").[14] UFR is "highly water-soluble and therefore is the most problematic mixture for indoor air pollution."[15]   Pressed-wood products, like hardwood plywood and particleboard, are considered a major source of indoor formaldehyde emissions.

20.    All of the Lumber Liquidators Chinese-made Flooring Products contain a UFR formaldehyde or other formaldehyde resin. For example, the Material Safety Data Sheet for Lumber Liquidators' Vertical Bamboo Flooring that is made in China contains 2-5% "urea-formaldehyde cured adhesive."[16]

**CARB Regulations Regarding Formaldehyde**

21.    The California Air Resource Board, or "CARB," is a department of the California Environmental Protection Agency. CARB oversees all air pollution control efforts in California to maintain air quality standards.[17]

22.    In January of 2009, CARB promulgated regulations called  the Airborne Toxic Control Measure to Reduce Formaldehyde Emissions from Composite Wood Products. *See* 17 CCR §§ 93120-93120.12 (the "CARB Regulations").  The CARB Regulations apply to various wood products, including wood flooring products.  Phase 2 of the CARB regulations mandate that wood flooring products Sold in the State of California must emit

---

[13] *Id.*

[14] *Formaldehyde Emissions*, BUILD DIRECT, *available at* http://learn.builddirect.com/flooring-info/health/formaldehyde-emissions/ (last visited March 4, 2015)

[15] http://propex.com/C_f_env_formldy.htm (last visited March 4, 2015)

[16] MSDS for Vertical Bamboo Flooring, *available at* http://server.iad.liveperson.net/hc/s-13045352/cmd/kbresource/kb-9064569009484142379/view_document!PAGETYPE?sc=148&sf=101133&documentid=415783&action=view (last visited March 4, 2015).

[17] http://www.arb.ca.gov/homepage.htm

no more than between 0.05 parts per million and 0.13 parts per million of formaldehyde depending on whether the product is classified as a type of hardwood plywood or medium density fiberboard. *Id.*

23.    On July 7, 2010, the federal Formaldehyde Standards for Composite Wood Products Act of 2010 was signed into law by President Obama. *See* 15 U.S.C. § 2697. Significantly, the federal Formaldehyde Standards Act adopted the same standards established by CARB as a nationwide standard.[18]    The comment period for the Environmental Protection Agency's proposed rules governing this statute is now closed and implementing regulations are expected to be released sometime this year.[19]

## Lumber Liquidators Chinese-Made Flooring

24.    Lumber Liquidators has distributed, marketed, and sold various laminate flooring products that are manufactured in China (the "Chinese-Made Flooring Products"). Specifically, the Chinese-made Flooring Products include, but are not limited to:

a.    8 mm Bristol County Cherry Laminate Flooring;

b.    8 mm Dream Home Nirvana French Oak Laminate Flooring;

c.    12 mm Dream Home Kensington Manner Antique Bamboo Laminate Flooring;

d.    12 mm Dream Home St. James Oceanside Plank Bamboo Laminate Flooring;

e.    12 mm Dream Home Kensington Manner Warm Springs Chestnut Laminate Flooring;

f.    15 mm Dream Home St. James Sky Lakes Pine Laminate Flooring;

g.    12 mm Dream Home Ispiri Chimney Tops Smoked Oak Laminate Flooring;

---

[18] http://www2.epa.gov/formaldehyde/formaldehyde-emission-standards-composite-wood-products#Formaldehyderegs
[19] *Id.*

h.    12 mm Dream Home Kensington Manner Imperial Teak Laminate Flooring;

i.    12 mm Dream Home St. James Vintner's Reserve Laminate Flooring;

j.    12 mm Dream Home Kensington Manor Cape Doctor Laminate Flooring

k.    12 mm Dream Home St. James Cumberland Mountain Oak;

l.    12mm Kensington Manor Sandy Hills Hickory;

m.    Golden Acacia;

n.    12mm Kensington Manner Tanzanian Wenge;

o.    American's Mission Olive;

25.    The Lumber Liquidators Chinese-made Flooring Products state in a uniform manner on the packaging that they are "California 93120 Phase 2 Compliant for Formaldehyde," which indicates that the Chinese Flooring Products meet the CARB emission standards for formaldehyde.[20] This statement is false and misleading for the reasons described herein.

---

[20] http://www.arb.ca.gov/toxics/compwood/consumer_faq.pdf (explaining that "Manufactures typically will label their products as 'California 93120 Compliant for Formaldehyde' or 'California Phase 2 Compliant' if the products meet the stringent CARB regulations for formaldehyde.").

8



26. On the Lumber Liquidators website, Defendants also make false and misleading statement about their CARB compliance:

**Does Lumber Liquidators comply with CARB regulations?**
Yes. To comply with the CARB standards, applicable laminate and engineered flooring and accessories sold by Lumber Liquidators are purchased from manufacturers whose production methods have been certified by a Third Party Certifier approved by the State of California to meet the CARB standards; or from suppliers who source composite wood raw materials only from certified manufacturers. The scope of the certification by the Third Party Certifier includes the confirmation that the manufacturer has implemented the quality systems, process controls, and testing procedures outlined by CARB and that their composite wood products conform to the specified emission limits. The Third Party Certifier

9

also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified.[21]

27.     However, Lumber Liquidators does not comply with CARB regulations when selling and distributing the Chinese-made Flooring Products. Several independent tests conducted by certified laboratories reveal that the Chinese Flooring Products emit formaldehyde levels well beyond what is allowable by CARB regulations. These test results have shown that average formaldehyde exposures during testing exceeded the 0.05 to 0.11 parts per million as allowed under CARB regulations set forth in 17 CCR §§ 93120-93120.12 *et seq.*

28.     Lumber Liquidators Chinese-made flooring was first called into question in June of 2013 when a blogger named Xuhua Zhou reported on the website *Seeking Alpha* the results of his independent investigation. Zhou sent samples of Lumber Liquidators' Flooring to be tested by independent laboratories and posted the results online. As Zhou explained:

> I recently conducted independent lab testing – engaging Berkeley Analytical, an IAS accredited testing laboratory- on a sample of Lumber Liquidators house brand flooring ("Mayflower" brand), and the results that came back weren't pretty: Over 3.5x the maximum legal level for formaldehyde. (This products was purchased retail from a Southern California retail store.) Fully understanding the importance of this finding, we submitted samples from the same package to a second laboratory, this one the "gold standard" lab for the National Wood Flooring Association, NTW. The second lab confirms the product is in violation of the legal limit for formaldehyde.[22]

29.     Another set of tests on Lumber Liquidators' Chinese-made flooring were conducted by the environmental advocacy groups Global Community Monitor and Sunshine Park, LLC.  The two companies have filed suit in the California Superior Court

---

[21] http://www.lumberliquidators.com/sustainability/health-and-safety/

[22] Xuhua Zhou, *Illegal Products Could Spell Big Trouble at Lumber Liquidators*, SEEKING ALPHA, (Jun. 20, 2013) http://seekingalpha.com/article/1513142-illegal-products-could-spell-big-trouble-at-lumber-liquidators

10

for the County of Alameda against Lumber Liquidators for its alleged violation of the California Safe Drinking Water and Toxic Enforcement Act of 1986 commonly known as "Proposition 65" ("The Global Community Monitor Lawsuit.") The complaint states that the groups,

> conducted over fifty tests using various test methods and two different laboratory locations. Test results showed average exposures [of formaldehyde] at the time of testing exceeded 4,000 micrograms per day ("ug/day)- over 100 times above the 40 ug/day threshold established by [Proposition 65].

30.     In accordance with California Health and Safety Code Section 25249.6, an attorney representing Global Community Monitor submitted a Certificate of Merit certifying that he consulted with persons who have the relevant and appropriate experience before filing suit. His consultants determined that there is a "reasonable and meritorious case for the private action" against Lumber Liquidators based on its sales of Chinese-made Flooring Products.  The Global Community Monitor Lawsuit seeks injunctive relief and civil penalties as allowed by Proposition 65.

31.     The most recent investigation into Lumber Liquidators flooring was conducted by 60 Minutes News. 60 Minutes purchased 31 boxes of Chinese-made Flooring Products form Lumber Liquidators stores in five different states and sent samples to two certified labs for testing.  Out of the 31 samples, only one was found to be compliant with CARB formaldehyde emissions standards. Some were even more that 13x over the California limit.

32.     Moreover, manufacturers in China ***admitted on camera*** to 60 Minutes News that the Chinese-made Flooring Products sold by Lumber Liquidators are not complaint with CARB regulations. A transcript from the 60 Minutes news report reads as follows:

> Posing as buyers, and using hidden cameras, the investigators visited three different mills that manufacture laminates for Lumber Liquidators.

> Employees at the mills openly admitted that they use core boards with higher levels of formaldehyde to make Lumber Liquidators laminates, saving the company 10-15 percent on the price. At all three mills they also admitted falsely labeling the

company's laminate flooring as CARB 2, meaning it meets California formaldehyde emissions standards, and the new U.S. federal law.

At this factory, the general manager told investigators Lumber Liquidators is one of their biggest customers.

> Manager: This is a best-seller for Lumber Liquidators.
>
> Investigator: For Lumber Liquidators?
>
> Manager: Yeah.
>
> Investigator: How long have you been selling this?
>
> Manager: From last year.
>
> Investigator: Is this CARB 2?

CARB 2 means it's compliant with California law. But listen to what the general manager told us.

> Manager: No, no, no... I have to be honest with you. It's not CARB 2.
>
> Investigator: Can I get CARB 2?
>
> Manager: Yes, you can. It's just the price issue. We can make CARB 2 but it would be very expensive.

And that's the same thing the undercover team was told at all three mills they visited.

> Investigator: All this stuff here, Lumber Liquidators... All their labeling is CARB 2 right? But it's not CARB 2?
>
> Employee: Not CARB 2.[23]

---

[23] *Lumber Liquidators Linked to Health and Safety Violations*, 60 MINUTES (Mar. 1, 2015), *available at* http://www.cbsnews.com/news/lumber-liquidators-linked-to-health-and-safety-violations/ (last visited March 4, 2015).

CLASS ACTION COMPLAINT

33.     Plaintiffs and the class members would not have purchased the Chinese Flooring Products if they had known that the products were not compliant with CARB and that the Products emit unlawful levels of formaldehyde.

## CLASS ACTION ALLEGATIONS

34.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23.  Plaintiff Conte and Plaintiff Reyes seek to represent the following class:

**The California Class**

All consumers within the State of California, and states with similar consumer protection laws, who purchased the Lumber Liquidators' Chinese-made Flooring Products during the applicable statute of limitations period for their personal use, rather than for resale or distribution. Excluded from the California Class are Defendants' current or former officers, directors, and employees; counsel for Plaintiffs and Defendants; and the judicial officer to whom this lawsuit is assigned.

35.     Plaintiff Tacktill seeks to represent the following class:

**The New York Class**

All consumers within the State of New York, and states with similar consumer protection laws, who purchased Lumber Liquidators' Chinese-made Flooring Products during the applicable statute of limitations period for their personal use, rather than for resale or distribution. Excluded from the New York Class are Defendants' current or former officers, directors, and employees; counsel for Plaintiffs and Defendants; and the judicial officer to whom this lawsuit is assigned.

36.     In the alternative to the California and New York Classes, all Plaintiffs seek to represent the following Nationwide Class:

**The Nationwide Class**

All consumers within the United States, who purchased Lumber Liquidators' Chinese-made Flooring Products during the applicable statute of limitations period for their personal use, rather than for resale or distribution. Excluded from the

Nationwide Class are Defendants' current or former officers, directors, and employees; counsel for Plaintiffs and Defendants; and the judicial officer to whom this lawsuit is assigned.

37.  The members in the proposed classes are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and Court.

38.  Questions of law and fact common to plaintiffs and the class include:

  A.  whether Defendants contributed to, committed, and/or is responsible for the conduct alleged herein;

  B.  Whether Defendants' conduct constitutes the violations of law alleged herein;

  C.  Whether Defendants acted willfully, recklessly, negligently, or with gross negligence in the violations of law alleged herein; and

  D.  Whether Class members are entitled to injunctive, and/or other equitable relief;

39.  Plaintiffs' claims are typical of class members' claims in that they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct.

40.  Absent Defendants' deceptive claims, Plaintiffs and the Class members would not have purchased the Products.

41.  Plaintiffs will fairly and adequately represent and protect the interests of the classes, have no interests incompatible with the interests of the classes, and have retained counsel competent and experienced in class action litigation.

42.  The classes are sufficiently numerous, as the classes contain at least hundreds of thousands of members who purchased the Lumber Liquidators Chinese-made Flooring in multiple states across the United States.

43.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is small such that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them.

44.     Questions of law and fact common to the class predominate over any questions affecting only individual class members.

45.     Defendants have acted on ground applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

46.     As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

## **FIRST CAUSE OF ACTION**

### **Violations of the Unfair Competition Law, Unlawful Prong**

### **Cal. Bus. & Prof. Code § 17200** *et seq.*
### **(By the California Class)**

47.     Plaintiffs Conte and Reyes reallege and incorporate the allegations elsewhere in the Complaint as set forth in full herein.

48.     California Business and Professional Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

49.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute "unlawful" business acts and practices in that Defendant's conduct violates the False Advertising Law, the Consumer Legal Remedies Act.

50.     Defendants' conduct is further "unlawful" because it violates the following laws and regulations:

    a.  Defendant's deceptive statements violate Title 17 of the California Code of Regulations, Sections 93120-93120.12 *et seq.*, specifically "Phase 2," which mandates that hardwood flooring products like the Lumber Liquidators'

Chinese-made Flooring Products cannot emit formaldehyde at a level exceeding between 0.05 and 0.11 parts per million;

b. Defendants' deceptive statements violate California Health and Safety Code § 25249.6 (Proposition 65), which requires that products emitting formaldehyde levels beyond 40 microgram per day must contain a health hazard warning;

c. Defendants' deceptive statements violate 15 U.S.C. § 2697, which mandates that hardwood flooring products like the Lumber Liquidators' Chinese-made Flooring Products cannot emit formaldehyde at a level exceeding between 0.05 and 0.11 parts per million.

51. Defendants profited from their sales of the falsely, deceptively, or unlawfully advertised Products to unwary consumers.

52. In accordance with Bus. & Prof. Code § 17203, Plaintiffs Conte and Reyes seek an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

## SECOND CAUSE OF ACTION

**Violations of the Unfair Competition Law, Unfair and Fraudulent Prongs**

**Cal. Bus. & Prof. Code § 17200 *et seq.***
**(By the California Class)**

53. Plaintiffs Conte and Reyes reallege and incorporates the allegations elsewhere in the Complaint as set forth in full herein.

54. California Business and Professional Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

55. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein also constitute "unfair" business acts and practices under the UCL in that Defendants' conduct is immoral, unscrupulous, and offends public policy by

1  seeking to profit from Chinese-made Flooring Products that emit dangerous levels of
2  formaldehyde in violation of state and federal laws.

3       56.     The acts, omissions, misrepresentations, practices, and non-disclosures of
4  Defendants as alleged herein constitute "fraudulent" business acts and practices under the
5  UCL in that Defendant's claims are false, misleading, and have a tendency to deceive the
6  Class and the general public, as detailed herein.

7       57.     Defendants profited from their sales of the fraudulently, falsely and
8  deceptively advertised Products to unwary consumers.

9       58.     In accordance with Bus. & Prof. Code § 17203, Plaintiffs Conte and Reyes
10 seek an order enjoining Defendants from continuing to conduct business through unlawful,
11 unfair, and/or fraudulent acts and practices, and to commence a corrective advertising
12 campaign.

13      59.     Plaintiffs Conte and Reyes further seeks an order for the disgorgement and
14 restitution of all profit earned from the sale of the Defendants' Products, which were
15 acquired through acts of unlawful, unfair, and/or fraudulent competition by Defendants.

## THIRD CAUSE OF ACTION

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code § 17500 *et seq.*
### (By the California Class)

20      60.     Plaintiff Conte and Reyes reallege and incorporate the allegations elsewhere in
21 the Complaint as set forth in full herein.

22      61.     In violation of California Business and Professional Code § 17500 *et seq.*, the
23 advertisements, labeling, policies, acts, and practices described herein were designed to, and
24 did, result in the purchase and use of the Chinese-made Flooring products.

25      62.     Defendants knew and reasonably should have known that the labels on
26 Defendants' Products were untrue and/or misleading.

CLASS ACTION COMPLAINT

63.     Defendants profited from its sales of the falsely and deceptively advertised Product to unwary consumers.

64.     As a result, Plaintiff Conte, Plaintiff Reyes the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

## FOURTH CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act,

### Cal. Civ. Code § 1750, *et seq.*

65.     Plaintiff Conte and Plaintiff Reyes reallege and incorporate the allegations elsewhere in the Complaint as set forth in full herein.

66.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

67.     Defendants' false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of Defendants' Chinese-made Flooring Products for personal, family, or household purposes by Plaintiffs and class members, and violated and continue to violate the following sections of the CLRA:

a.      § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

b.      § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c.      § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d.      § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

68.     Defendants profited from their sales of the falsely, deceptively and unlawfully advertised Products to unwary consumers.

69.    As a result, Plaintiff Conte, Plaintiff Reyes, and the California Class have suffered irreparable harm.

70.    Defendants' wrongful business practices regarding the Products constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendants are still representing that the Products have characteristics, uses, benefits, and abilities which are false and misleading, and have injured Plaintiff and the Class.

71.    Plaintiff Conte and the class seek equitable relief for their CLRA claims and attorneys' fees as allowed by the CLRA.

## FIFTH CAUSE OF ACTION

### Violation of New York General Business Law § 349, *et seq.*

### (By the New York Class)

72.    Plaintiff Tacktill repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

73.    By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices in the state of New York by making the misrepresentations identified above.

74.    The foregoing acts and practices were directed at consumers.

75.    The foregoing deceptive acts and practices are misleading in a material way because the fundamentally misrepresent the formaldehyde emission levels of the Chinese-based Flooring Products to induce consumers to purchase the products.

76.    Plaintiff Tacktill and members of the Class were injured as a direct and proximate result of Defendants' violation of G.B.L. § 349 because they paid for the Chinese-made Flooring Products, which they would not have purchase had they known the true facts.

77.    On behalf of himself and other members of the New York Class, Plaintiff Tacktill seeks to enjoin the unlawful acts and practices described herein, to recover his

CLASS ACTION COMPLAINT

actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

<b><u>SIXTH CAUSE OF ACTION</u></b>

<b>Violation of New York General Business Law § 350, <i>et seq.</i></b>

<b>(By the New York Class)</b>

78.     Plaintiff Tacktill repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

79.     By the acts and conduct alleged herein, Defendants committed false advertising in the conduct of business, trade or commerce in the State of New York.

80.     New York G.B.L § 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect." The foregoing acts and practices were directed at consumers.

81.     The foregoing false advertisements are misleading in a material way because they fundamentally misrepresent the formaldehyde emission levels of the Lumber Liquidators' Chinese-made Flooring Products to induce consumers to purchase the products.

82.     Plaintiff Tacktill and members of the New York Class were injured as a direct and proximate result of Defendants' violation of G.B.L. § 350 because they paid for the Chinese-made flooring products, which they would not have purchased had they known the true facts.

83.     On  behalf of himself and other members of the New York Class, Plaintiff Tacktill seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**Violations of the Consumer Fraud Laws of the Various States**

**(By the Nationwide Class)**

84.     All Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

85.     By falsely and misleadingly claiming that Chinese-made Flooring Products are compliant with CARB regulations, Defendants have engaged in unfair competition or unlawful, unfair, misleading, unconscionable, or deceptive acts in violation of the consumer fraud statutes of the various states.

86.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ALA. CODE§ 8-19-1, *et seq.*

87.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ALASKA STAT. CODE§ 45.50.471, *et seq.*

88.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ARIZ. REV. STAT.§ 44-1522, *et seq.*

89.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ARK. CODE ANN.§ 4-88-107, *et seq.*

90.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of COLO. REV. STAT.§ 6-1-101, *et seq.*

91.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of CONN. GEN. STAT § 42-110b, *et seq.*

92.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511, *et seq.*

93.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. CODE ANN.§ 28-3901, *et seq.*

94.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of FLA. STAT. ANN. § 501.201, *et seq.*

95.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392, *et seq.*

96.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of HAW. REV. STAT. § 480, *et seq.*

97.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601, *et seq.*

98.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILL. COMP. STAT. 505/1, *et seq.*

99.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IND. CODE ANN. § 24-5-0.5-1, *et seq.*

100.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IOWA CODE §714.16, *et seq.*

101.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of KAN. STAT. § 50-623, *et seq.*

102.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of KY. REV. STAT. ANN. § 367.110, *et seq.*

103.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of LA. REV. STAT. § 51:1404, *et seq.*

104.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ME. REV. STAT. tit. 5, § 205-A, *et seq.*

105.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MD. CODE. ANN., COM. LAW § 13-101, *et seq.*

106.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation MASS. GEN LAWS ch. 93A, § 1, *et seq.*

CLASS ACTION COMPLAINT

107.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MICH. COMP. LAWS§ 445.901, *et seq.*

108.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MINN. STAT.§ 8.31, *et seq.*

109.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MISS. CODE ANN. § 75-24-3, *et seq.*

110.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MO. REV. STAT.§ 407.010, *et seq.*

111.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MONT. CODE ANN.§ 30-14-101, *et seq.*

112.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of NEB. REV. STAT.§ 59-1601, *et seq.*

113.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of NEV. REV. STAT. 598.0903, *et seq.*

114.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. REV. STAT. ANN.§ 358-A:1, *et seq.*

115.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. STAT. ANN.§ 57-12-1, *et seq.*

116.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J.S.A. § 56:8-1, *et seq.*

117.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. GEN. STAT.§ 75-1.1, *et seq.*

118.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. CENT. CODE§ 51-15-01, *et seq.*

119.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of the OHIO REV. CODE ANN. § 1345.01, *et seq.* and OHIO REV. CODE ANN.§ 4165.01, *et seq.*

23

120.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of OKLA. STAT. tit. 15, § 751, *et seq.*

121.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of OR. REV. STAT.§ 646.605, *et seq.*

122.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 PA. CONS. STAT.§ 201-1, *et seq.*

123.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. GEN. LAWS § 6-13.1-1, *et seq.*

124.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. CODE§ 39-5-10, *et seq.*

125.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. CODIFIED LAWS § 37-24-1, *et seq.*

126.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of TENN. CODE ANN.§ 47-18-101, *et seq.*

127.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of TEX. BUS. & COM. CODE ANN.§ 17.41, *et seq.*

128.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of UTAH CODE. ANN.§ 13-11-1, *et seq.*

129.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of VT. STAT. ANN. tit. 9, § 2451, *et seq.*

130.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of VA. CODE ANN. § 59.1-196, *et seq.*

131.  Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of WASH. REV. CODE§ 19.86.010, *et seq.*

132.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. VA. CODE§ 46A-6-IOI, *et seq.*

CLASS ACTION COMPLAINT

133.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of WIS. STAT.§ 100.18, *et seq.*

134.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of WYO. STAT. ANN.§ 40-12-101, *et seq.*

135.   The acts, practices, and misrepresentations by Defendants described above, and Defendants' dissemination of deceptive and misleading advertising and marketing materials in connection therewith, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the above-enumerated statutes, because each of these statutes generally prohibit deceptive conduct in consumer transactions. Defendants violated each of these statutes by making false and misleading statements that the Chinese-made Flooring Products are compliant with CARB regulations regarding formaldehyde.

136.   Plaintiffs and class members were injured as a direct and proximate result of Defendant's violations of the various consumer fraud laws because they would not have purchased the Chinese-made Flooring Products if the true facts had been known.

## PRAYER FOR RELIEF

98.   Wherefore, Plaintiffs, on behalf of themselves, all others similarly situated and the general public, pray for judgment against Defendants as to each and every cause of action, and the following remedies:

A.   An Order declaring this action to be a proper class action and appointing undersigned counsel as class counsel;

B.   An Order requiring Defendants to bear the cost of class notice;

C.   An Order compelling Defendants to conduct a corrective advertising campaign;

D.   An Order requiring Defendants to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

E.    An Order compelling Defendants to destroy all misleading and deceptive advertising materials and Product labels;

F.    An Order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

G.    An Order awarding compensatory damages in favor of Plaintiffs and members of the Classes as allowed by statute against Defendants for all damages sustained as a result of Defendants' wronging, in an amount to be proven at trial, including interest thereon;

H.    An Order awarding injunctive relief against Defendants to prevent Defendants from continuing their ongoing unfair, unconscionable and/or deceptive acts and practices;

I.    An order Awarding Plaintiffs and members of the class their reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

J.    Any other and further relief that Court deems necessary, just, or proper.

## **JURY DEMAND**

Plaintiffs hereby demands a trial by jury on all issues so triable.


Dated: March 4, 2015

/s/ Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
*ron@consumersadvocates.com*
SKYE RESENDES
*skye@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Phone: (619) 696-9006
Fax: (619) 564-6665

CLASS ACTION COMPLAINT

*Attorneys for Plaintiffs and the Proposed Class*

CLASS ACTION COMPLAINT