BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION

In re:   Lumber Liquidators
Chinese-Manufactured Flooring Products         MDL No.: 2627
Marketing, Sales Practices and Products
Litigation
_____/

**PLANTIFF ANGELA GIORLANDO'S RESPONSE AND MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO TRANSFER RELATED ACTIONS FOR CONSOLIDATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407**

Angela Giorlando ("Plaintiff" or "Giorlando"), Plaintiff in the class action case styled *Giorlando v. Lumber Liquidators, Inc., et al.*, No. 2:15-cv-00811-JCZ-JCW (E.D. La.), submits this Response and Memorandum of Law in Partial Opposition to Motion to Transfer Related Actions for Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407.

**I.     INTRODUCTION**

On March 9, 2015, the plaintiffs in *Conte, et al. v. Lumber Liquidators, et al.*, 3:15-cv-01012 (N.D. Cal.), submitted to this Panel a Motion and Memorandum in Support of Motion for Transfer of Actions to the Central District of California for Consolidation of Pretrial Proceedings Pursuant to 28 U.S.C. § 1407. While Plaintiff Giorlando supports consolidation and transfer, she requests that the Panel transfer all Related Actions to the Eastern District of Louisiana, or, alternatively, to the Central District of California, Western Division.

The Related Actions allege that the same defendants, Lumber Liquidators, Inc., and its affiliated companies (hereinafter, "Lumber Liquidators" or "Defendants") sell various Chinese-made flooring products at their retail stores across the country ("Chinese Flooring"). The Chinese Flooring emits and off-gasses excessive levels of formaldehyde, which is hazardous to human health. Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments, including skin and breathing problems. The risk of these health problems is

significantly greater for children. Lumber Liquidators labeled and sold the toxic Chinese Flooring as being compliant with "CARB [California Air Resources Board] regulations in the State of California." *See* Title 17 of the California Code of Regulations Sections 93120-93120.12. CARB is an entity which has promulgated safety standards for the emission of formaldehyde for composite wood products sold in California. Indeed, Lumber Liquidators represents that it requires all of its "suppliers [to] comply with California's advanced environmental requirements, even for products sold outside California." Contrary to these representations, Lumber Liquidators' Chinese Flooring is not CARB compliant. Rather, the Chinese Flooring emits a dangerous level of formaldehyde gas, which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Control Act, 15 U.S.C. § 2601, *et seq.* (Title VI – Formaldehyde Standards of Composite Wood Products). The Chinese Flooring poses great health risks to consumers.

So far, at least 45 Related Actions have been filed. The Related Actions allege that, for the purpose of increasing sales, Lumber Liquidators misrepresented the true nature of the Chinese Flooring to consumers. The Related Actions allege violations of state consumer protection statutes, breach of express warranties, and/or unjust enrichment. The Related Actions raise common issues of law and fact regarding the deceptive, false, and misleading advertising, marketing, and labeling of Chinese Flooring. Transfer and consolidation or coordination of the cases to Eastern District of Louisiana would serve the convenience of the parties and witnesses and promote the just and efficient prosecution of these actions. Alternatively, Giorlando requests transfer and consolidation in the Central District of California, Western Division.

## II. SUMMARY OF ARGUMENT

Transfer and coordinated proceedings are appropriate when: (i) actions involving one or more common questions of fact are pending in different districts, (ii) transfer and coordination will serve the convenience of the parties and witnesses, and transfer "will promote the just and efficient conduct" of the proceedings, and (iii) transfer and coordination will serve "the convenience of parties and witnesses." 28 U.S.C. § 1407(a). As set forth below, each criterion is satisfied here. First, there are common issues of fact among each of these cases regarding the deceptive, false, and misleading advertising, marketing, labeling, distribution, and sale of Chinese Flooring. Second, transfer and consolidation of these actions would be just and efficient, as it would help to resolve competing and overlapping class actions, avoid inconsistent rulings, and promote efficient discovery. Finally, consolidating the matters in one court would be more convenient for the parties and witnesses. Giorlando seeks the consolidation and transfer of these cases to the United States District Court for the Eastern District of Louisiana. Of the 45 cases filed thus far, at least 3 are filed in in the Eastern District of Louisiana. In addition, the Eastern District of Louisiana has successfully handled MDL litigation involving Chinese defendants, which involved complex matters of international law that may ultimately be at issue in this litigation. The judges and lawyers also have extensive experience in these cases, which involve ancillary professional services---including forensic accountants, experts, consultants, and translators---specializing in Chinese manufacturing operations. For these reasons, the Eastern District of Louisiana serves as a convenient forum for litigating an aggregated MDL litigation against Defendants.

Alternatively, Giorlando seeks consolidation and transfer to the United States District Court for the Central District of California, Western Division. Of the 45 cases filed thus far, at

3

least 5 cases have been filed the Central District of California. Further, the Central District of California has more favorable docket conditions than the Northern District of California, where the *Conte* plaintiffs request transfer. In addition, the Central District of California is a convenient forum for the resolution of this litigation in aggregated form. Finally, the relevant legal issues involve California's CARB law, and a California Judge familiar with California law and regulation possess a singular vantage in presiding over this litigation.

Giorlando respectfully requests centralization of the Related Actions alleging claims for damages caused by Defendants' scheme to deceive and defraud consumers by misrepresenting the safety of the Chinese Flooring. Transfer and consolidation of the cases in the Eastern District of Louisiana would serve the convenience of the parties and witnesses and promote the just and efficient prosecution of these actions. Alternatively, Giorlando requests transfer and consolidation in the Central District of California, Western Division.

### III. SUMMARY OF FACTS

Each of the Related Cases is in the nascent stage of litigation. No depositions have taken place, and no trials are scheduled.

### IV. LEGAL STANDARD

Actions containing allegations with common questions of fact may be transferred and consolidated under Section 1407 if transfer will be for the convenience of the parties and witnesses, and will promote the just and efficient conduct of the transferred cases. 28 U.S.C. § 1407. The Panel typically considers the following four factors in deciding whether to transfer a case under Section 1407:

    a.    the elimination of duplication in discovery;
    b.    the avoidance of conflicting rules and schedules;
    c.    the reduction of litigation cost; and
    d.    the conservation of the time and effort of the parties, attorneys, witnesses, and courts.

*See* Manual for Complex Litigation (Third) § 31.131 (1995) (citing *In re Plumbing Fixture Cases,* 298 F. Supp. 484 (J.P.M.L. 1968)). Each of these factors favors transfer and consolidation of the cases filed against Defendants.

V. **ARGUMENT**

 A. **The Litigation Satisfies the Requirements for Consolidation and Transfer Under 28 U.S.C. § 1407**

Pretrial transfer and consolidation under Section 1407 is appropriate and necessary. These cases involve the same factual allegations and legal standards, and they will likely be numerous. Unless these cases are consolidated, the parties will incur excessive costs due to duplicative discovery, and will face the risk of inconsistent rulings on a variety of matters.

 **1. The Litigation Involves Common Questions of Fact and Law**

The Related Actions should be transferred for coordination or consolidation because they allege essentially the same unlawful, false, unfair, and misleading advertising, marketing, labeling, distribution, and sale by Defendants of Chinese Flooring. The alleged misconduct occurred during the same period of time and is based on the same underlying facts.

When two or more complaints assert comparable allegations against an identical defendant based on similar transactions and events, common factual questions are presumed. *See In re Air W., Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *In re Seeburg-Commonwealth United Merger Litig.*, 362 F. Supp. 568 (J.P.M.L. 1973). Additionally, the presence of individualized factual issues in the pending cases is not a barrier to transfer and consolidation under Section 1407 as it "does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization." *In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1456, 1458 (J.P.M.L. 2010); *see also In re North Sea Bent Crude Oil Futures Litig.*, 2013 WL 5701579 (J.P.M.L. 2013).

5

The Related Actions involve multiple common questions of fact and law including, inter alia: (1) whether Defendants' conduct is unlawful, false, unfair, and deceptive under state law; (2) whether Defendants breached an express warranty; (3) whether Defendants were unjustly enriched by their misconduct; and (4) the nature and extent of damages and other remedies to which class members are entitled.

**2. The Parties Face Duplicative Discovery Absent Transfer and Consolidation**

Because the allegations of all the cases are essentially the same, the parties face duplicative discovery if the cases are not consolidated and transferred. This is an important consideration for the Panel in that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery . . . and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *In re Resource Exploration Inc. Sec. Litig.,* 483 F. Supp. 817, 821 (J.P.M.L. 1980).

The parties in these actions will necessarily engage in duplicative discovery. All plaintiffs will be seeking the same documentation from Defendants and will likely request to depose the same parties and witnesses. In response, Defendants will assert the same class certification objections and discovery objections, seek the same protective orders, and assert the same privileges in each case. Transfer and consolidation will ensure that counsel coordinate their efforts and thus save all parties time and money.

**3. Transfer and Consolidation Will Prevent Inconsistent Pretrial Rulings**

Transfer and consolidation will net significant savings and efficiencies by avoiding repetitive discovery and motions practice, as well as potentially inconsistent pretrial rulings. *See In re North Sea Brent Crude Oil Futures Litig.*, 2013 WL 5701579 (J.P.M.L. 2013). The Panel considers the probability of inconsistent rulings on pretrial issues because of the possible issue

preclusion and other collateral estoppel effects on other, related cases. *See In re Enron Securities Derivative & ERISA Litig.,* 196 F. Supp. 2d 1455, 76 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification). Because of the similarity of the allegations in the Related Actions, and the likelihood that future filed actions will contain the same, the possibility of inconsistent pretrial rulings is substantially increased.

**4. There is Sufficient Numerosity to Support Transfer and Consolidation**

There have already been at least 45 cases filed regarding this matter. Given the significant pretrial publicity of the issues presented in this matter, Plaintiff expects that additional cases will be filed in a multitude of districts, making transfer and consolidation essential. In any event, the Panel has routinely ordered transfer and consolidation of five or fewer cases. *See In re Wireless Tel. Replacement Protection Programs Litig.,* 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (granting transfer and centralization of three consumer protection cases and determining that pending motions can be presented to and decided by the transferee judge); *In re Philadelphia Life Ins. Co. Sales Practices Litig.,* 149 F. Supp. 2d 945, 938 (J.P.M.L. 2001) (granting transfer of two deceptive insurance sales cases and finding that such transfer would promote the just and efficient conduct of the litigation); *In re Amoxicillin Patent & Antitrust Litig.,* 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer of three cases involving patent and antitrust issues); *In re Alodex Corp.,* 380 F. Supp. 790, 791 (J.P.M.L. 1974) (granting transfer of three securities actions). As a result, there is sufficient authority for the transfer and consolidation of these actions Defendants.

## B. The Eastern District of Louisiana is the Appropriate Transferee Forum

The Eastern District of Louisiana is the preferable court for consolidation of pretrial proceedings. It is important to point out that the Eastern District of Louisiana has experience dealing with foreign defendants. Of particular note in this litigation, the Eastern District of Louisiana has successfully handled complex MDL litigation involving Chinese defendants. *See MV Bright Field Litig.* (E.D. La.); *In re Chinese Drywall Litig.* (E.D. La. MDL). This observation is an important one since laws of China are unique and must be harmonized to ensure a smooth and efficient course. The judges and lawyers have extensive experience in these cases, which involve ancillary professional services---including forensic accountants, experts, consultants, and translators---specializing in Chinese manufacturing operations. As a result, many of the scientific and technical aspects, the scope of relevant discovery at issue, the type of expert witnesses, and the claimed injuries of litigations will be essentially the same or very similar. Furthermore, the knowledge and experience gained by the Eastern District of Louisiana in *In re FEMA Trailer Formaldehyde Litigation MDL* will be beneficial for the proposed multidistrict litigation involving Lumber Liquidators.

Further, this District is a convenient forum to host a consolidated or coordinated MDL litigation because of the judicial competency and metropolitan location. In *In re Worldcom, Inc., Securities & ERISA Litig.*, 226 F. Supp. 2d 1352, 1355 (J.P.M.L 2002), the panel consolidated several actions and transferred the consolidation action, noting in particular that "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services." *See also In re Jamster Mktg. Litig.*, 427 F. Supp. 2d 1366, 1368 (J.P.M.L. 2006) (choosing as a transferee forum an "accessible metropolitan location.").

These considerations apply with full force to the Eastern District of Louisiana's New Orleans courthouse. New Orleans is easily accessible by plane, is host to current MDL litigation, and is well equipped with hotels and office space to accommodate business needs. Accordingly convenience weighs in favor of transferring and consolidating these actions in the Eastern District of Louisiana.

### C. Alternatively, the Central District of California is the Appropriate Transferee Forum

Alternatively, Giorlando respectfully requests the consolidation and transfer of the Related Cases to the United States District Court for the Central District of California, where a significant number of cases have been filed in recent weeks. Of the 45 cases filed thus far, 16 are filed in California federal courts and, of those, 5 are filed in in the Central District of California. Because the Defendants' actions have received a great deal of publicity, it is almost certain that numerous additional cases will be filed in the Central District of California, which encompasses a highly populated geographic region. Additionally, the Central District of California, Western Division, has extensive experience in managing MDLs, has favorable docket conditions as compare to the Northern District of California, and will serve as a convenient forum for the parties and witnesses to the Related Actions.

"The Panel has expressly stated that it will consider docket conditions in selecting a transferee district. . . . [T]he Panel will favor the court with the most current docket." Multidistrict Litigation Manual § 6:17 (2014). The Central District of California has more favorable docket conditions than the Northern District of California, the District to which the *Conte* Plaintiffs request transfer. In the Central District, it takes only on average 5.3 months from filing to disposition of civil cases compared to 7.9 months in the Northern District, and only 20 months from filing of civil cases to trial compared to a whopping 30.9 months in the Northern

9

District of California. These conditions support transferring the Related Actions to the Central District of California.

Further, the Central District of California, Western Division, is a convenient forum to host a consolidated or coordinated MDL litigation because of the judicial competency and metropolitan location. The Central District of California, Western Division, provides a courthouse located in downtown Los Angeles (a short distance from the airport) and a city that is readily accessible to all parties and witnesses by plane and is well equipped with hotels and office space to accommodate the parties' business needs. Accordingly convenience weighs in favor of transferring and consolidating these actions in the Central District of California, Western Division.

Finally, a California jurist familiar with California law and regulation enjoys a singular advantage in presiding over this litigation. Centralization in this district and division would permit the Panel to assign the litigation to an experienced transferee judge, Margaret M. Morrow, whose current docket includes only one MDL involving putative class actions with similar allegations of deceptive marketing and sales practices of a product. Judge Morrow is a well-respected judge with extensive experience presiding over complex litigation.

## VI. CONCLUSION

Plaintiff Giorlando agrees with the *Conte* plaintiffs that the Panel should centralize the Related Actions alleging claims for damages caused by Defendants' scheme to deceive and defraud consumers by misrepresenting the safety of the Chinese Flooring. Transfer and consolidation of the cases in the Eastern District of Louisiana would serve the convenience of the parties and witnesses and promote the just and efficient prosecution of these actions. Alternatively, Plaintiff requests transfer and consolidation in the Central District of California, Western Division.

Date:  March 30, 2015                    Respectfully submitted,

**HERMAN, HERMAN & KATZ, LLC**

/s/ Leonard A. Davis
Leonard A. Davis (LA Bar No. 14190)
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email: ldavis@hhklawfirm.com

Rene F. Rocha III (LA Bar No. 34411)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
909 Poydras Street, Suite 1625
New Orleans, LA 70112
Telephone: (954) 318-0268
Facsimile: (954) 327-3018
Email: rrocha@forthepeople.com

Rachel Soffin* (FL Bar No. 0018054)
John A. Yanchunis* (FL Bar No. 324681)
Jonathan B. Cohen* (FL Bar No. 0027620)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
Email: rsoffin@forthepeople.com
jyanchunis@forthepeople.com
jcohen@forthepeople.com

Joel R. Rhine* (NC Bar No. 16028)
**RHINE LAW FIRM, P.C.**
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062
Email: jrr@rhinelawfirm.com

*Attorneys for Plaintiff*

* *Pending pro hac vice application*