IN RE: LUMBER LIQUIDATORS )  MDL NO. 2627
CHINESE-MANUFACTURED )
FLOORING PRODUCTS MARKETING )
SALES PRACTICES AND PRODUCTS )
LIABILITY LITIGATION )
_____ )

## INTERESTED PARTY RESPONSE OF PLAINTIFF ALAN SPIVAK IN SUPPORT OF TRANSFER AND CONSOLIDATION OF RELATED ACTIONS

**I.  INTRODUCTION**

Pursuant to the United States Judicial Panel on Multidistrict Litigation Rule of Procedure 6.2(e), Alan Spivak ("Plaintiff Spivak"), plaintiff in *Spivak v. Lumber Liquidators, Inc*., S.D. Ohio No. 1:15-CV-00178-SJD (the "*Spivak* action"), on behalf of himself and all others similarly situated, respectfully submits this Interested Party Response to Plaintiffs' Notice of Motion and Motion for Consolidation and Transfer Under 28 U.S.C. § 1407 (Doc. 1) filed by plaintiffs Shelly Conte, Mark Reyes, and Daniel Tacktill (collectively, the "*Conte* Plaintiffs").  The *Conte* Plaintiffs seek to transfer numerous related actions currently pending against Defendant Lumber Liquidators, Inc. and affiliated companies (collectively, "Lumber Liquidators") to the United District Court for the Northern District of California pursuant to 28 U.S.C. § 1407 for coordinated pretrial proceedings before the Honorable Jon. S. Tigar.

Plaintiff Spivak agrees with the *Conte* Plaintiffs that the related actions against Lumber Liquidators are substantially similar and ideal candidates for consolidation and transfer.  Plaintiff Spivak also agrees that the most appropriate transferee court is the United States District Court for the Northern District of California.  However, if the Panel declines to transfer these related actions for coordinated consolidated pre-trial proceedings before Judge Tigar, Plaintiff Spivak

alternatively requests that the related actions be consolidated before the Honorable Susan J. Dlott in the Southern District of Ohio. Judge Dlott is currently presiding over the *Spivak* action, and has substantial experience handling complex and class action litigation. Additionally, the convenience of the parties and favorable docket conditions make the Southern District of Ohio an excellent choice for transferee court.

## II. TRANSFER OF PENDING ACTIONS FOR COORDINATED PRETRIAL PROCEEDINGS IS APPROPRIATE

28 U.S.C. § 1407 authorizes this Panel to transfer and consolidate two or more civil cases for coordinated pretrial proceedings upon the determination that (i) they "involv[e] one or more common questions of fact," (ii) transfer will further "the convenience of the parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of the action."[1]

Here, Section 1407's requirements for transfer are satisfied. The various pending actions against Lumber Liquidators are based on the same or substantially similar questions of law and fact. In addition, transfer will promote the convenience of the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification. Indeed, because all of the actions assert virtually identical claims and allegations requiring substantial discovery into highly technical aspects of Lumber Liquidators formaldehyde testing policies and procedures, they are ideal candidates for transfer for coordinated or consolidated pretrial proceedings.

Therefore, given the overlapping nature of the parties, claims, and allegations, Plaintiff Spivak submits that the goals of 28 U.S.C. § 1407 (*e.g.*, to avoid duplicative discovery; prevent inconsistent or repetitive rulings; promote efficient management of litigation; and conserve the

---

[1] 28 U.S.C. § 1407(a); *In re Cutter Labs, Inc. "Braunwald-Cutter" Aortic Heart Valve Prods. Liab. Litig.,* 465 F.Supp. 1295, 1296 (J.P.M.L. 1979).

resources of the parties, counsel, and the courts) would be best served by consolidating all of the related actions against Lumber Liquidators before a single court.

## III. TRANSFEREE COURT SELECTION

In selecting a transferee district, this Panel generally considers "where the largest number of cases is pending, where discovery has occurred, where cases have progressed the furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges."[2] The Panel also favors transferring related actions to the district in which the earliest actions were filed.[3]

As the *Conte* Plaintiffs correctly conclude, these factors weigh in favor of transferring the related cases to Judge Tigar in the Northern District of California. (Doc. 1-1 at 5-6.) The fact that the related actions all involve regulations promulgated by the California Air Resource Board also favors transfer to the California court. (Doc. 1-1 at 6.) The convenience of the parties and current docket conditions likewise weigh in favor of transfer to the Northern District of California. (Doc. 1-1 at 6-8.) Accordingly, Plaintiff Spivak joins the *Conte* Plaintiffs in urging the Panel to transfer all of the related Lumber Liquidators actions to Judge Tigar in the Northern District of California. (Doc. 1-1 at 8.)

Alternatively, if the Panel declines to consolidate the actions in the Northern District of California, Plaintiff Spivak requests that the Panel transfer the actions to Judge Dlott in the Southern District of Ohio. While there is no singular geographic focal point for this litigation because Lumber Liquidators sold products across the nation, the Southern District of Ohio is centrally located, serviced by multiple airports and all major airlines, and easily accessible and convenient for all parties, witnesses, and attorneys.

---

[2] MANUAL ON COMPLEX LITIGATION § 20.131 (4th ed. 2004).
[3] *See In re Regents of the Univ. of Cal.,* 964 F.2d 1128, 1136 (Fed. Cir. 1974).

Judge Dlott has extensive experience handling complex and class action litigation,[4] and current docket conditions make the Southern District of Ohio an appropriate transferee venue. The Panel has noted that absence of MDL activity in a particular location is a factor in favor of transfer to that jurisdiction.[5] Judge Dlott is not presiding over MDL proceedings at this time.[6] Moreover, only two MDLs are currently pending in the Southern District of Ohio.[7] This suggests that the Southern District of Ohio has the judicial and clerical resources necessary to accommodate another MDL. The Southern District of Ohio is also a convenient alternative forum because civil cases only take an average of 9.4 months from filing to disposition, and only 24 months from filing to trial.[8] Thus, the Southern District of Ohio is an appropriate (alternative) venue for this matter.

## IV. CONCLUSION

For the reasons stated above, Plaintiff Spivak respectfully requests that this Panel transfer the related actions and any subsequently filed cases raising similar claims to the Northern District of California for coordinated pretrial proceedings before the Honorable Jon. S. Tigar.

---

[4] *See, e.g., Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006) (affirming Judge Dlott's decision certifying class); *Albrecht v. Treon*, 617 F.3d 890 (6th Cir. 2010) (affirming Judge Dlott's dismissal of a certified class action).
[5] *See, e.g., In re Pilgrim's Pride Fair Labor Standards Litig.*, 489 F.Supp.2d 1381 (J.P.M.L. 2007).
[6] *See* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-March-16-2015.pdf
[7] *Id*.
[8] *See* United States District Court for the Southern District of Ohio, available at http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-december-2014.pdf&page=43.

Dated: March 31, 2015	Respectfully submitted,

By:	*s/Jeffrey S. Goldenberg*
Jeffrey S. Goldenberg (#0063771)
Todd B. Naylor (#0068388)
Robert B. Sherwood (#0084363)
**GOLDENBERG SCHNEIDER, LPA**
One West Fourth Street, 18th Floor
Cincinnati, OH 45202
Telephone: (513) 345-8291
Facsimile: (513) 345-8294
E-mail: jgoldenberg@gs-legal.com
tnaylor@gs-legal.com
rsherwood@gs-legal.com

Daniel R. Karon (#0069304)
Beau D. Hollowell (#0080704)
**KARON LLC**
700 W. St. Clair Ave., Ste. 200
Cleveland, OH 44113
Telephone: (216) 622-1851
Facsimile: (216) 241-8175
E-mail: dkaron@karonllc.com
bhollowell@karonllc.com

Vincent J. Esades
James W. Anderson
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Ave.
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
E-mail: vesades@heinsmills.com
janderson@heinsmills.com

Jason S. Hartley
**STUEVE SIEGEL HANSON, LLP**
550 West C Street, Suite 1750
San Diego, CA 92101
Telephone: (619) 400-5822
E-mail: hartley@steuvesiegel.com

Douglas A. Millen
**FREED KANNER LONDON & MILLEN, LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015 USA
Telephone: (224) 632-4500
Facsimile: (224) 632-4521
E-mail: dmillen@fklmlaw.com

Robert J. Gralewski, Jr.
**KIRBY McINERNEY, LLP**
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 398-4340
E-mail: bgralewski@kmllp.com

Gary E. Mason
Daniel K. Bryson
Jason S. Rathod
**WHITFIELD BRYSON & MASON LLP**
1625 Massachusetts Ave., NW, Suite 605
Washington, D.C. 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
E-mail: gmason@wbmllp.com
dbryson@wbmllp.com
jrathod@wbmllp.com

Andrew J. McGuinness
**ANDREW J. McGUINNESS, ESQ.**
122 S Main St., Suite 118
P.O. Box 7711
Ann Arbor, MI 48107
Telephone: (734) 274-9374
Facsimile: (734) 786-9935
E-mail: drewmcg@topclasslaw.com

*Attorneys for Plaintiff Spivak and the Proposed Class*