BEFORE THE UNITED STATES

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS. | MDL No. 2627<br><br>CASE NO. 2:15-cv-01783-JAK (FFMx) |

**PLAINTIFF'S RESPONSE TO MOTION TO
TRANSFER RELATED ACTIONS TO CALIFORNIA
FOR CONSOLIDATED PRE-TRIAL PROCEEDINGS
PURSUANT TO 28 U.S.C. SECTION 1407**

Pursuant to Rule 6.1(c) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs, Derek Griffiths, Jim Towery, Maarten Verhoeven, Patricia Cottington, and Ryan Calderon hereby respond to Plaintiffs Shelly Conte's, Mark Reyes', And Daniel Tacktill's Memorandum In Support Of Motion For Transfer Of Actions To The Northern District Of California For Consolidation Of All Pretrial Proceedings Pursuant To 28 U.S.C. § 1407 (hereinafter referred to as the "Motion").

**I.      ARGUMENT**

In addition to the arguments presented in the Motion, transfer to California is appropriate because: (1) Defendant is a corporation that distributes, markets, and/or sells laminate wood flooring products in California that is subject to 17 California Code of Regulations sections 93120 through 93120.12 and labels its flooring as follows: "CARB . . . CALIFORNIA 93120 Phase 2 Compliant for Formaldehyde."; (2) California has an interest in compliance with its regulations as well as its consumer protection statutes; and (3) Defendant availed itself of California commerce, maintaining 39 of its locations in California, which is 39% more than any other state in the union and nearly twice the number of retail locations as maintained in Florida and three times as many stores as their hometown state of Virginia.  *See* http://www.lumberliquidators.com/ll/storelocator.

As stated in the Motion, "In selecting the transferee court, the Panel considers several factors, including, but not limited to, 'where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the

common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges.' MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2010)." These factors weigh in favor of transfer to California.

## II. CALIFORNIA IS THE MOST APPROPRIATE VENUE FOR CONSOLIDATION.

Plaintiffs agree with the Motion in that these Scheduled Actions should be consolidated pursuant to 28 U.S.C section 1407 in California. Plaintiffs offer these additional arguments in support of transfer to California.

### A. The Scheduled Actions Involve California Regulations.

California is also the most appropriate because all of the Scheduled Actions allege that Lumber Liquidators has failed to comply with regulations that were promulgated by the California Air Resource Board ("CARB"). Since 1988, the State of California has recognized that formaldehyde gas is a chemical known to cause cancer. By 1992, CARB had formally listed formaldehyde as a contaminant with no safe level of exposure. Certain building materials, including laminate flooring, are processed in a way that introduces formaldehyde into the material during manufacturing. In response, the CARB has passed regulations limiting the amount of formaldehyde that may be present. Specifically, California Code of Regulations, title 17, (which addresses public health), sections 93120 through 93120.12 are known as the Airborne Toxic Control Measure to Reduce Formaldehyde Emissions from Composite Wood Products ("CARB Regulations"). The regulations apply to anyone who manufacturers, distributes, imports, sells, or supplies the designated materials in California. Defendant is a corporation that distributes, markets, and/or sells laminate wood flooring products in California that is subject to 17 California Code of Regulations sections 93120 through 93120.12. In addition, the product packaging for Defendant's laminate wood flooring states: "CARB . . . CALIFORNIA 93120 Phase 2 Compliant for Formaldehyde." Therefore, a California Judge who is familiar with California law and the California Code of Regulations would be in the best position to preside over this litigation.

**B.     The Scheduled Actions Involve California Consumer Protection Statutes.**

Moreover, California has a strong interest in upholding its laws.  Not only does California have an interest in compliance with its regulations, it also has an interest in compliance with its consumer protection laws including its Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), False Advertising Law (Cal. Bus. & Prof. Code § 17500), and its Consumer Legal Remedies Act (Cal. Civ. Code § 1750).

**C.     California Is Home To Witnesses, Experts, And The Most Retail Locations.**

In all of the Scheduled Actions listed on this MDL's docket, sixteen of thirty-eight (42%) are filed in California.  Even Plaintiff Kerry Constantine, who argues for transfer to Florida (Doc. 9), filed her action in California.  In fact, defendant Lumber Liquidators chose counsel located in California to defend them against the Scheduled Actions.  Moreover, compliance with CARB Regulations may require testimony from California experts involved in creating those standards to interpret and apply those standards.

Finally, Lumber Liquidators, who may argue for transfer to a venue near their corporate headquarters in Virginia, freely availed itself of commerce in California.  According to its own website, Lumber Liquidators maintains the most of its retail locations in California.  Specifically, it maintains 39 stores in California.  *See* http://www.lumberliquidators.com/ll/storelocator.  California houses almost twice as many as Florida and 39% more than the state with the second highest number of retail stores, which is Texas with 28 stores (Florida has 22).  *See id*.  In fact, California's 39 stores is three times as many stores as there are in Virginia.  *See id*.  All of these factors weigh in favor of transfer to California.

/ / /

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs Derek Griffiths Jim Towery, Maarten Verhoeven, Patricia Cottington, and Ryan Calderon (all California residents) respectfully request that the Scheduled Actions be consolidated in California.

Dated: March 24, 2015

RINGLER SCHMIDT
A LAW CORPORATION

By: /s/ *Jerome L. Ringler*
    Jerome L. Ringler
    Catherine Burke Schmidt
    Attorneys for Plaintiffs Derek Griffiths Jim Towery, Maarten Verhoeven, Patricia Cottington, and Ryan Calderon.

Jerome L. Ringler (CA State Bar No. 59918)
  *jlr@ringlerschmidt.com*
Catherine Burke Schmidt (CA State Bar No. 212827)
  *cbs@ringlerschmidt.com*
Members of **RINGLER SCHMIDT, A LAW CORPORATION**
233 Wilshire Boulevard, Suite 900
Santa Monica, CA 90401
Tel:  (310) 955-4105/Fax: (310) 955-4106

Alexander Robertson, IV (CA State Bar No. 127042)
  *arobertson@arobertsonlaw.com*
Mark J. Uyeno (CA State Bar No. 189063)
  *muyeno@arobertsonlaw.com*
Members of **ROBERTSON & ASSOCIATES, LLP**
32121 Lindero Canyon Road, Suite 200
Westlake Village, California 91361
Tel: (818) 851-3850 / Fax: (818) 851-3851

Thomas A. Kearney (CA State Bar No. 90045)
  *tak@kearneylittlefield.com*
Prescott Littlefield (CA State Bar No. 259049)
  *pwl@kearneylittlefield.com*
Members of **KEARNEY LITTLEFIELD LLP**
3436 N. Verdugo Road, Suite 230
Glendale, CA 91208
Tel: (213) 473-1900/ Fax: (213) 473-1919

Attorneys for Plaintiffs
Derek Griffiths, Jim Towery,
Maarten Verhoeven, Patricia Cottington, and
Ryan Calderon